UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
CIVIL CASE NO: 05-100-DLB

**ALLISON GINDELE, et al.,**     **PLAINTIFFS**

**V.**

**AMERICAN UNITED LIFE**
**INSURANCE CO.,**     **DEFENDANT**

## MEMORANDUM ORDER

This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq. (ERISA), by Allison and Adam Gindele (Gindeles) for Accidental Death and Dismemberment insurance benefits (AD&D benefits) under a group welfare benefit plan. Plaintiff has filed a motion seeking the opportunity to conduct discovery (Doc. #27). Defendant has filed a response in opposition to plaintiff's motion, to which plaintiff has filed a reply.

**A. Factual Background**

The Gindeles seek AD&D benefits resulting from the death of Timothy Gindele in a motor vehicle accident. Life insurance benefits were paid to the plaintiffs, but American United Life Insurance Company denied plaintiffs' claim for AD&D benefits on the basis that the autopsy report indicated that the decedent's blood alcohol content at the time of the crash exceeded the legal limit. The Gindeles filed an administrative appeal of AUL's decision, which appeal was denied on February 17, 2005.

1

Thereafter, plaintiffs initiated this lawsuit.[1]

### B. Analysis

Where a plan grants the administrator or fiduciary discretionary authority to determine eligibility for benefits, as in this case, "the plan administrator's decision to deny benefits is reviewed under the deferential 'arbitrary and capricious' standard of review." *Shields v. Reader's Digest Association, Inc.*, 331 F.3d 536, 541 (6th Cir. 2003) (quoting *Firestone Tire & Rubber Company v. Bruch*, 489 U.S. 101, 115 (1989)). Furthermore, "when it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Id.* (citing *Davis v. Kentucky Fin. Cos. Ret. Plan*, 887 F.2d 689, 693 (6th Cir. 1989)).

In an ERISA action, "the court generally considers only that evidence presented to the plan administrator at the time he or she determined the employee's eligibility in accordance with the plan's terms." *Bauer v. Metropolitan Life Insurance Company*, 397 F. Supp. 2d 856, 864 (E.D. Mich. 2005) (citing *Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir. 1997)). Thus, "the court's review...is limited to the administrative record." *Id.* (citing *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 618 (6th Cir. 1998)).

While acknowledging that this court's review ordinarily is limited to the administrative record, plaintiffs argue that in this case there is cause to go beyond that record. A narrow exception exists to

---

[1] Despite having indicated an intent to file an amended complaint based upon ERISA "simultaneously or shortly after the filing of" plaintiffs' motion for discovery on September 22, 2006, plaintiffs have yet to file their amended complaint.

2

the general rule limiting review to the administrative record. Discovery will be permitted "if additional evidence is necessary to resolve a claimant's procedural challenge to the administrator's decision to deny benefits." *Putney v. Medical Mutual of Ohio*, 111 Fed. App'x 803, 806 (6th Cir. 2004) (citing *Wilkins*, 150 F.3d at 618 (Gilman, J. concurring and joined by Ryan, J.)). Procedural challenges include "'an alleged lack of due process afforded by the administrator or alleged bias on its part.'" *Id*. at 807.

Here, the Gindeles assert that AUL has demonstrated bias and has "arbitrarily changed its prior interpretation and application of the plan terms" to their detriment. According to plaintiffs, they should be permitted to conduct discovery in order to demonstrate that the defendant's previous actions "regarding the applicable plan terms have been inconsistent and contradictory." (Plaintiffs' Motion for Discovery, Doc. #27, pp. 2-3).

The difficulty is that the plaintiffs' broad interpretation of the exception threatens to swallow the rule. The only exception precluding the receipt of "new evidence at the district court level arises when consideration of that evidence is necessary to resolve an ERISA claimant's procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Wilkins*, 150 F.3d at 618. Some courts will consider the consistency with which the administrator has interpreted the language of a plan when deciding whether there has been abuse of discretion. *Lucas v. The Challenge Machinery Company Salaried and Non-Union Employees' Retirement Plan*, 2000 WL 35358785 at 3 (W.D. Mich. 2000) (citing *Wald v. Southwestern Bell Corporation Customcare Medical Plan*, 83 F.3d 1002, 1007 (8th Cir. 1996)). However, an unsupported claim of "inconsistency" or "bias" is not sufficient to throw open the doors of discovery.

3

*See Lucas*, 2000 WL 35358785 at 3; *Putney,* 111 Fed. App'x at 806 .

To date, the Gindeles have offered only unsupported allegations based upon their belief that discovery will turn up some inconsistent application of policy. While they argue their "contention that the Defendant has not properly followed the required procedures," plaintiffs' memorandum is devoid of allegations regarding any specific procedural infirmity. Because the Sixth Circuit has determined that the exceptions which would permit discovery are rare and plaintiffs have provided no evidence of procedural violations, bias, or even inconsistency, their request for discovery will be denied. *See also Moore v. Lafayette Life Insurance Company*, 458 F.3d 416, 431 (6th Cir. 2006) ("until a due process violation is at least colorably established, additional discovery beyond the administrative record into a plaintiff's denial of benefits claim is impermissible"). The cases cited by plaintiffs in support of their request for discovery are unavailing because in those cases, the administrative record itself revealed clear procedural violations. *Compare Children's Hospital Medical Center of Akron*, 2006 WL 2549493 at 3; *Vanderklok v. Provident Life & Accident Ins. Co.*, 956 F.2d 610, 616 (6th Cir. 1992).

The statutory requirements of ERISA involve the following "claims procedure":

In accordance with regulations of the Secretary, every employee benefit plan shall–

(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim. 29 U.S.C. § 1133.

In this case, AUL initially sent correspondence to the Gindeles' attorney, explaining that it was denying

their claim and noting the reasons for its decision. AUL advised the Gindeles that they could forward additional information to AUL for reevaluation if their records indicated a different result. They also advised the Gindeles of their right to appeal, their right to request and receive documents related to the claim, and their rights under ERISA. The Gindeles had the opportunity to appeal AUL's decision to deny their claim, and they submitted additional documents in support of their appeal. AUL requested information from the Gindeles in order to investigate issues raised by the Gindeles' appeal. The Gindeles also expressly stated that they had submitted all the documents that they wished to submit. In its written appeal decision, AUL explained the pertinent terms of the plan and advised the Gindeles that they could file a second appeal and submit additional information if they disputed its decision. Based on this evidence from the administrative file, the ERISA claims procedure as outlined above has been met.

The court sufficiently advised, **IT IS ORDERED:**

Plaintiffs' motion for discovery [DE #27] and/or to expand the administrative record is **denied.**

This 31st day of October, 2006.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge